# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALAN COOPER,[1]

            Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,

            Agency.

DOCKET NUMBER
AT-0752-13-0900-I-1

DATE: June 4, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Joshua L. Klinger</u>, Esquire, Denver, Colorado, for the appellant.

<u>Anthony Coggin</u>, Esquire, <u>Joshua Curtis Williams</u>, and <u>Sean T. Garner</u>,
    Eglin Air Force Base, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough decision. Generally, we grant petitions such as

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Eglin Air Force Base, Group 1 v. Department of the Air Force*, MSPB Docket No. AT-0752-14-0302-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On or about May 28, 2013, the agency proposed to furlough the appellant, a Fuel Distribution System Mechanic, for no more than 11 workdays due to "extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on 1 March 13." Initial Appeal File (IAF), Tab 1 at 12-13. The notice identified a website where the material supporting the proposed furlough could be viewed and stated that in the alternative the appellant could contact his local civilian personnel section to review the material. *Id.* at 13. The notice also stated "[t]o arrange for an oral reply or review the supporting materials, please contact the individuals listed below" and included a phone number and email address of a contact person. *Id.* The notice stated that the appellant would be allowed up to 4 hours of official time to review the supporting material, seek assistance, prepare a reply, secure affidavits and statements,

consider appropriate courses of action, and make a response. *Id.* The appellant provided a written and oral response to the proposed furlough. IAF, Tab 6 at 5-6, Tab 9. By written notice dated June 26, 2013, the agency's deciding official informed the appellant that he would be furloughed as outlined in the notice of proposed furlough.[3] IAF, Tab 1 at 16-17. The record includes evidence reflecting the appellant's furlough on 6 discontinuous days between July 8, 2013, and September 30, 2013. IAF, Tab 6 at 9-18.

¶3 The appellant filed a Board appeal challenging the agency's action, IAF, Tab 1, and the administrative judge consolidated his appeal with the appeals of similarly situated employees, *Elgin Air Force Base, Group 1 v. Department of the Air Force*, MSPB Docket No. AT-0752-14-0302-I-1, Consolidated Appeal File (CAF), Tab 1. After holding a hearing, the administrative judge issued an initial decision affirming the agency's furlough actions. CAF, Tab 11, Initial Decision (ID). The administrative judge found, among other things, that the furlough was implemented in accordance with due process requirements and that the appellant had not proven that the agency committed harmful procedural error. ID at 8-11.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The appellant raises a single issue on review: whether the agency denied him due process by not providing him with access to the material supporting the proposed furlough. PFR File, Tab 1 at 6-10.[4] The appellant made this same

---

[3] The decision was signed on July 2, 2013. IAF, Tab 1 at 17.

[4] The appellant does not challenge, and we discern no reason to disturb, the administrative judge's findings that the agency's decision to furlough him was a reasonable management solution to the shortage of funds caused by sequestration,

argument before the administrative judge, who found that the furlough was implemented in accordance with due process. ID at 8-9. Specifically, the administrative judge found that the notice of proposed furlough informed the appellant of the reasons for the proposed action, how to access the material relied upon by the agency for the proposed action, and an opportunity to present an oral and/or written reply to the proposed action. ID at 9. The administrative judge further analyzed this claim to determine if the appellant proved that the agency committed harmful procedural error. ID at 10-11. The administrative judge found that the appellant failed to prove harmful error because he was able to access the supporting material and make a reply, and he failed to show that the agency's decision to furlough him would have been different, if different procedures had been utilized. ID at 11. In his petition for review, the appellant argues that the administrative judge erred in his analysis of the due process claim. PFR File, Tab 1 at 9-10. The appellant also argues that the administrative judge erred by applying the harmful error analysis to his claim that the agency failed to provide him the material it relied on in making its furlough decision. *Id.* at 6.

The appellant was provided with the required due process.

¶6        Prior notice and an opportunity to respond are the fundamental due process requirements before a tenured public employee is furloughed. *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 13 (2015) (discussing due process in the context of a furlough appeal). The appellant essentially argues that the administrative judge erred by not analyzing his due process claim independently from the issue of harmful procedural error. PFR File, Tab 1 at 6. The administrative judge considered the appellant's due process claim and found that the agency satisfied the requirements of due process by providing him with advance written notice of the notice of proposed furlough, access to the material

---

promoted the efficiency of the service, and was applied in a fair and even manner. ID at 17-18.

supporting the proposed furlough, and an opportunity to provide both written and oral responses. ID at 8-9.

¶7        The appellant alleges that the agency's website was difficult to navigate because there was no link on the website identified as "supporting material," which was the term the agency had used in the notice of proposed furlough. PFR File, Tab 1 at 5. Even if the website was difficult to navigate, the agency provided an alternate method for accessing the material. The notice of proposed furlough stated that the material relied on to support the furlough action also could be accessed by contacting the local civilian personnel section. IAF, Tab 1 at 13. The Chief of Employee Relations provided an affidavit stating that some employees contacted the personnel section with questions about the furlough, but that she was not aware of any employee contacting the civilian personnel section in order to review the Administrative Record. CAF, Tab 8 at 6. The appellant does not dispute that he did not contact the civilian personnel section for assistance navigating the website to access the supporting material or for access to a hard copy of the material. *See* ID at 10; PFR File, Tabs 1, 4.

¶8        The appellant alleges that he attempted to contact the agency official designated to hear oral replies by telephone to notify her that he was having difficulty accessing the supporting material, but the phone number provided in the notice of proposed furlough was incorrect. IAF, Tab 6 at 7. The appellant also attempted to contact via email the identified agency official who would hear his oral reply but was unable to initially reach her because her mailbox was full. IAF, Tab 11 at 4-12. Once the appellant was able to reach her via email, on June 12, 2013, she told him that the material supporting the agency's proposed furlough was referred to as the "Administrative Record" on the http://myPers.af.mil website. *Id*. at 4. The appellant stated that on June 13, 2013, he was able to access the supporting material via http://myPers.af.mil. IAF, Tab 6 at 8. The appellant gave his oral reply to the proposed furlough on June 14, 2013. IAF, Tab 9 at 4. The appellant noted in a memorandum that an agency

employee at another location requested a copy of the material relied on in proposing the furlough, and received it the day after making his request. IAF, Tab 6 at 7. The agency may have been able to make the material easier to access, but its failure to do so does not rise to the level of a due process violation. The material relied on in proposing the furlough was available on the website and in the civilian personnel section. Assistance navigating the website also was available through the civilian personnel section. Based on the foregoing we find no basis for disturbing the administrative judge's finding that the agency provided the appellant with due process.

<u>The agency did not commit harmful procedural error in processing the appellant's furlough.</u>

¶9        A notice of proposed furlough must inform the employee of his or her right to review the material that is relied on to support the furlough. *Salo v. Department of Defense*, 122 M.S.P.R. 417, ¶ 9 (2015); 5 C.F.R. § 752.404(b). Although we have found no constitutional violation, we must still consider whether the agency committed harmful procedural error by failing to follow the regulatory procedures set forth at 5 C.F.R. § 752.404(b). *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1378 (Fed. Cir. 1999) (stating that in addition to the protections afforded by the Constitution, public employees also are entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure); *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 9 (2015). The appellant was told that he could access the material supporting the agency's furlough decision on the website "http://myPers.af.mil." IAF, Tab 1 at 13.

¶10        We agree with the administrative judge's finding that the appellant failed to prove the agency committed harmful procedural error. Harmful error is a procedural error by the agency that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See* 5 C.F.R. § 1201.56(c)(3); *see also Salter v. Department of the*

*Treasury*, 92 M.S.P.R. 355, ¶ 7 (2002). To show harmful error, an appellant must prove that any procedural error substantially prejudiced his rights by possibly affecting the agency's decision. *Salter*, 92 M.S.P.R. 355, ¶ 7.

¶11 Making the supporting material available on a website can satisfy the agency's obligation under 5 C.F.R. § 752.404(b). *See Salo*, 122 M.S.P.R. 417, ¶ 9 (finding the agency satisfied its obligation under 5 C.F.R. § 752.404(b) to make the material relied on to support the reasons for a furlough available for review when the proposal notice advised the employee how to view the material at an agency website); *see also Pumphrey*, 122 M.S.P.R. 186, ¶ 7 n.2 (when the notice of proposed furlough informed the employee how to view the supporting material on an agency website or at a designated Furlough Reading Room, the appellant's vague statement that he was not given predecisional access to the material relied upon in the notice of proposed furlough did not support a finding of harmful procedural error).

¶12 The appellant has not shown how different procedures in implementing the furlough would have caused the agency to reach a different conclusion. The appellant has made general arguments about the agency's obligation to make the material available for review but has not shown how he actually was harmed by the procedures used in implementing the furlough. *See Pumphrey*, 122 M.S.P.R. 186, ¶¶ 10-11 (to show harmful error, an appellant must provide proof of actual harm resulting from an agency's procedures). Even if we were to find that the agency committed a procedural error by not providing the appellant with a printed copy of the material it relied on in support of the proposed furlough, the appellant has not identified any changes he would have made to his replies if he had accessed the material in advance. There is no basis for concluding that the agency's decision regarding the furloughs would have been different. Therefore, we agree with the administrative judge's finding that the appellant failed to prove that the agency committed a harmful error.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.